UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:13-CR-259 |
| | ) | |
| v. | ) | (Judge Caldwell) |
| | ) | |
| DANIEL THOMAS CURRAN JR. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Child pornography is devoid of any trace of social value and it inflicts serious and reprehensible harm upon the children exploited in its production. Defendant Curran has a deviant interest in sexually abusing children and producing, collecting and viewing images and videos of children being sexually abused, including prepubescent minors performing sex acts, and children as young as toddlers being raped, bound and penetrated by adults. The United States requests the Court impose a sentence that reflects the seriousness of the defendant's conduct. The United States respectfully requests a sentence of 840 months.

Curran objects to the application of the obstruction of justice enhancement and also argues that he deserves a downward variance because of his background. The United States respectfully disagrees. No downward variance is warranted in this case, given (1) the abuse suffered by victim C.S. and (2) the extent and nature of the defendant's child pornography collection.

**I.    PROCEDURAL HISTORY**

On November 14, 2013, a two-count Criminal Complaint was filed against Curran charging him with production of child pornography in violation of 18 U.S.C. § 2251(a)(Count 1) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B)(Count 2).  The defendant was charged by Indictment on November 20, 2013 with production of child pornography in violation of 18 U.S.C. § 2251(a)(Count 1) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B)(Count 2).  On September 10, 2014, the grand jury returned a Superseding indictment against Curran charging production of child pornography in violation of 18 U.S.C. § 2251(a)(Count 1), receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(Count 2) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B)(Count 3).  On December 4, 2014, Curran pleaded guilty pursuant to a written plea agreement to production of child pornography in violation of 18 U.S.C. § 2251(a)(Count 1), receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(Count 2) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B)(Count 3). Sentencing is currently scheduled for June 4, 2015.

The United States Probation Office prepared a Presentence Investigation Report and determined Curran has a Criminal History Category I and a total offense level of 43.  (PSR ¶ 86.)  Therefore, he would face a sentence of life in

prison. However, because the combined statutory maximum for the charges Curran pled to is a term of imprisonment of 70 years, the advisory guidelines call for a sentence of 840 months. (PSR ¶ 86.) In his Sentencing Memorandum, the defendant requests a variance below the 840 months. The United States respectfully requests a sentence of 840 months.

## II.    FACTS

The defendant sexually abused a minor boy, 9 year old C.S., for two months, while Curran was living with the Schmidt family. Knowing the child's age, the defendant anally penetrated C.S. with objects, manually and orally stimulated C.S., and recorded this abuse. Curran abused the trust of this child and his father by assaulting the child while the child was in his care.

In August and September, 2013, Daniel Curran lived with Rex Schmidt, who resides in York County, Pennsylvania with Mr. Schmidt's two young children, who were ages 6 and 9 at that time. In late September 2013, law enforcement received three separate reports of suspicious activities by Curran, including a report from Mr. Schmidt that he found his 9 year old son, C.S., in the defendant's bed.

On September 27, 2013, law enforcement learned that the defendant had a storage unit at Capital Self Storage in East York and observed Curran leaving the storage facility on foot. Detectives Baker and Hine located three bags that had

been thrown over the fence, later determined to belong to Curran. A laptop computer was located in one of the bags and was searched pursuant to a search warrant. 62 flash drives were also seized from the bags. The FBI conducted a forensic review of the images on the computer and a number of the flash drives and determined they contained 3.9 million images. They identified more than 40,000 images of child pornography and then stopped counting due to the voluminous nature of the evidence. Some of the images on these devices are of children as young as toddlers, some show penetration of the genitals of children under the age of 12 years old, some as young as toddlers, by adults and many depict sexually explicit conduct, including vaginal and anal penetration, oral to penile contact, digital penetration, bondage of children, and the lascivious exhibition of the genital area.

  The search and seizure of the bags at the storage facility was the subject of a motion to suppress filed by the defense, and after briefing and an evidentiary hearing, this Honorable Court denied the motion. The defendant entered a conditional plea, reserving the right to appeal the denial of that motion.

  On Curran's computer, law enforcement located videos and images of Mr. Schmidt's son, 9 year old C.S., naked and being sexually assaulted by Curran. The defendant's face is visible in some of the videos and his voice has been identified as well. Still images taken from one of these video files were shown to Mr.

Schmidt who identified the boy depicted as his son, C.S.  Schmidt also identified a couch depicted in one of the images as being located in his residence in York County, Pennsylvania.  The "created dates" on these videos and images of C.S. are between August and September 2013, the time period Curran was living with the Schmidt family.  The videos show Curran performing sexual acts on the minor, C.S., and operating the camera recording the abuse.  The video and camera seized in this case were manufactured outside Pennsylvania.

There are approximately 33 videos that were produced by the defendant showing the defendant sexually assaulting C.S.  Generally, these videos show the victim, some show the defendant, and the audio captures the voices of both.  There are several where Curran is telling the victim what he is planning to do to him and C.S. is heard pleading with Curran not to do it.  The PSR describes a portion of these videos in great detail.  (PSR ¶ 15.)

Following his arrest and after being given his *Miranda* warnings, agents were transporting the defendant from the jail to the federal courthouse but not questioning him.  The defendant stated to law enforcement that he only made one video and then said "I didn't even put it on the internet."

In addition, the FBI also discovered 6 audio files on Curran's computer that are recordings of Curran trying to persuade C.S. to say it was his father who sexually abused him.  C.S. refuses to say any such thing in each recording.

### III. ARGUMENT

In his sentencing memorandum, Curran objects to the application of the two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. He also argues that he deserves a downward variance because of his background.

#### A. The obstruction of justice enhancement is appropriately applied in this case.

The defendant objects to the application of the two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. However, the defendant concedes that even if this enhancement does not apply, the applicable guideline range does not change. (Def. Memo at 2.)

A two-level enhancement applies pursuant to U.S.S.G. § 3C1.1 "[i]f (1) the defendant willfully obstructed or impeded, or ***attempted to obstruct or impede***, the administration of justice with respect to an investigation, prosecution or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct or (B) a closely related offense." (Emphasis added.) As the probation officer noted in her response to defendant's objections, the defendant clearly attempted to obstruct or impede the ongoing investigation by lying to the officers about whether he had a storage unit and then retrieving and throwing the damning evidence, the bags containing the child pornography, over the fence before walking out of the storage facility. He clearly intended to retrieve the bags to hide them from law enforcement, because

6

law enforcement had questioned him about the child pornography and whether he had a storage unit. The fact that his attempts to outsmart law enforcement were thwarted in no way proves that he did not attempt to impede or obstruct the investigation. Therefore, the enhancement should apply in this case.

## B. A Sentence of 840 Months Satisfies the Factors Set Forth in Title 18, United States Code, Section 3553(a).

In this case, the advisory guidelines call for a sentence of life in this case but the statutory maximum available here is 840 months. The defendant seeks a downward variance, citing his difficult background. In light of the conduct in this case and under the factors set forth in section 3553(a) of Title 18, a significant downward variance is unwarranted.

### 1. The nature and circumstances of the offense and the history and characteristics of the defendant.

It is difficult to overstate the egregious nature of Curran's conduct, it simply shocks the conscience. To mentally, emotionally, and physically manipulate a 9-year old boy bespeaks of true cruelty, particularly when considering Curran's claims of how his own abuse affected him. As a matter of common sense, evils committed upon a person as a child should give that person greater empathy for the effects of such evil. To assume that the challenges faced by the defendant in his life are somehow an excuse or justification for his crimes is offensive. Every individual faces challenges in their life, some more severe, some less severe – but

no challenge provides any excuse, justification or mitigation for the types of offenses committed by Curran.  The victims of his crimes – the children depicted during the worst moments of their lives – are the ones who experience challenges beyond imagination.

While most child pornography offenses do not involve direct contact with the children in the images, Curran's direct victimization requires increased punishment to reflect the seriousness of his offenses.  His crimes were not isolated incidents, but rather a pattern of abuse.  The nature and circumstances of these offenses – namely depraved conduct that occurred over a period of time when he was a custodian or caregiver to the victim, C.S., requires a substantial sentence to reflect the seriousness of the offense, serve the ends of justice and protect the community.

The flagrancy of Curran's conduct against his direct victim C.S. threatens to eclipse his other equally serious criminal acts – his substantial and horrific collection of child pornography. Possessing these images is a serious offense, presenting a compelling interest at sentencing in protecting not just one or two children, but all children. As the Supreme Court states in *Osborne v. Ohio*:

> It is evident beyond the need for elaboration that a State's interest in safeguarding the physical and psychological well-being of a minor is compelling … [T]he use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of a child … It is also surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes

> those who possess and view the product, thereby decreasing the demand.

495 U.S. 103, 109 (internal citations omitted); *see also, United States v. MacEwan*, 445 F.3d 237, 249-50 (3d Cir. 2006) (substantiating the heightened guidelines for child pornography offenses by deferring to the findings of Congress, including the substantial danger presented by any pedophile, even if their conduct is simply trafficking in child pornography images).

Curran possessed thousands of images depicting the sexual abuse of children, including substantial numbers of images involving children under 12 years old. He had tens of thousands of images and videos of children being sexually abused, children as young as toddlers.

Forensic examination revealed Curran had 3.9 million images on the devices that were seized from him. From a workload standpoint, once they reached 40,000 images of child pornography the FBI stopped counting. Forensic examination confirmed that he had produced, received and/or viewed child pornography, some depicting (1) children who were as young as toddlers, (2) oral, anal, and vaginal penetration of toddlers and prepubescent minors, and (3) bondage of children. In other words, the volume of Curran's collection and the kinds of images and videos he collected, all render his offenses extremely dangerous.

> **2.     The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense.**

Clearly, Curran's offenses were serious, given that he sexually assaulted a 9-year old boy and recorded it. In addition, each and every time he received and viewed an image of child pornography, he re-victimized that child. The harm caused by the proliferation of these child sexual abuse images is untold. The guidelines recommendation of 840 months reflects the seriousness of the defendant's crimes, promotes respect for the law, shows respect to the victims of these offenses and provides a just punishment for the crimes. Each and every one of defendant's victims is serving a life sentence because of the proliferation of these abusive images.

Seventy years, while certainly a lengthy sentence, is not an outrageously high punishment given the egregious nature of the defendant's conduct. Curran preyed on the most vulnerable population, innocent children. His actions caused the perpetuation of the sexual victimization of thousands of children. These children have been sentenced to a lifetime of victimization, trauma and suffering because of the virtually unspeakable acts done to them, memorialized and then shared with others of a similarly deviant bent. No, seventy years, essentially a life sentence, is not outrageously high given that the victims suffer for life. An 840 month sentence is appropriate in this case.

### 3.      The need for adequate deterrence to criminal conduct, and to protect the public from further crimes by the defendant.

Deterrence is extremely important in child exploitation cases. Unfortunately, the internet has made it impossible to ever take a sexual image of a child out of circulation. Once it is shared, the harm is done. Deterrence is one way to limit the harm. Deterrence is a tool used to attempt to deter the defendant and others from re-victimizing the children depicted in these pictures. The defendant is requesting this Court grant a variance from 840 months. Imposing a reduced sentence in a case like this will send an inappropriate message to the defendant and individuals sharing the same deviant sexual interest as the defendant – that their offensive behavior is not serious and the harm they cause is not real. A guideline sentence will adequately punish the defendant and deter others from using innocent children to fulfill their own deviant sexual interests.

Based on Curran's direct abuse of C.S., and the extent and nature of his voluminous child pornography collection, a sentence of 840 months satisfies the factors set forth in Title 18 U.S.C. 3553(a).

## IV. **CONCLUSION**

For C.S. and the countless other children he victimized and who continue to be victimized each and every day because of his producing, receiving and possessing these vile images, the United States respectfully requests the Court sentence the defendant to a term of imprisonment of 840 months, followed by a lifetime of supervised release.

                                              Respectfully submitted,

                                              PETER J. SMITH
                                              United States Attorney

Dated: June 3, 2015                 BY:   s/ Meredith A. Taylor
                                              MEREDITH A. TAYLOR
                                              Assistant United States Attorney
                                              Meredith.Taylor@usdoj.gov
                                              PA 205058
                                              228 Walnut Street, Suite 220
                                              Harrisburg, PA 17108
                                              Phone: 717-221-4482
                                              Fax:   717-221-2582

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:13-CR-259 |
| | ) | |
| v. | ) | (Judge Caldwell) |
| | ) | |
| DANIEL THOMAS CURRAN JR. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on June 3, 2015, she served a copy of the foregoing

**GOVERNMENT'S SENTENCING MEMORANDUM**

by electronic filing to the person hereinafter named:

Lori Ulrich, Esquire
Lori_ulrich@fd.org

Crystal Bard
crystal_bard@pamp.uscourts.gov

                                                s/ Mary Zerance
                                                Mary Zerance
                                                Legal Assistant